UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **LEROY WILLIAMS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0729 AS |
| | ) | |
| **JOHN R. VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about November 24, 2004, this pro se petitioner, Leroy Williams, an inmate at Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed the within petition seeking relief under 28 U.S.C. §2254. The Response and Memorandum filed by the Attorney General of Indiana on May 27, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on July 19, 2005 which this court has carefully examined.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of filing this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding designated as MCF 04-09-0489. Also, there is an array of documents filed in this case designated as A through BB which this court has examined and which explicate the proceedings here. The sanction included an earned credit time deprivation of 180 days and a demotion from credit class I to credit class II which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). He was also designated to

serve disciplinary segregation which does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S. 472 (1995). The proceedings here do not violate the due process clause of the Fourteenth Amendment of the Constitution of the United States. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). Basically, the procedures enunciated in Indiana under the Adult Disciplinary Procedures (ADP) are a species of state law for this purpose. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision here on harmless error.

The argument referred to by this petitioner referring to his past prison record and character, arguing that such would indicate that he would not likely commit the above alleged act. That argument was not advanced before the administrative proceedings and is therefore procedurally defaulted under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992)

*See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002).  The lengthy array of conduct reports since 1992 on pages 12 and 13 of the filing made by the Attorney General of Indiana has to be taken seriously.  Understanding the mandates of *Haines v. Kerner*, 404 U.S. 519 (1972), this petitioner has failed to establish a basis for relief under 28 U.S.C. §2254 and such is now **DENIED**.  **IT IS SO ORDERED**.

 **DATED:** July 29, 2005

          **S/ ALLEN SHARP**
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**